JUDGE CROTTY   13 CV 5903

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JANAYE DAY,

                Plaintiff,

-against-

CITY OF NEW YORK; Detective BETZAYDA FRATICELLI, Shield No. 7479; Sergeant TYRON POPE, Shield No. 3799; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                Defendants.

------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded



## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.  Plaintiff demands a trial by jury in this action.

## PARTIES

6.  Plaintiff Janaye Day ("Ms. Day") is a resident of New York County in the City and State of New York.

7.  Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.  Defendant Detective Betzayda Fraticelli, Shield No. 7479 ("Fraticelli"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Fraticelli is sued in his individual and official capacities.

9.  Defendant Sergeant Tyron Pope, Shield No. 3799 ("Pope"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Pope is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 11:30 p.m. on May 10, 2011, plaintiff was a passenger in a vehicle lawfully traveling in the vicinity of 93rd Street and West End Avenue in New York, New York.

14. Ms. Day was approximately five months pregnant at the time.

15. Suddenly, unmarked police vehicles pulled in front of and behind the vehicle Ms. Day was riding in, forcing the driver to abruptly brake, nearly causing a collision and forcing Ms. Day to brace her hands against the dashboard to avoid striking her head.

16. Defendants rushed out of their unmarked vehicles with guns pointed at Ms. Day.

17. Without probable cause or reasonable suspicion to believe she had committed any crime or offense, defendants searched Ms. Day without her permission.

18. No contraband was recovered from plaintiff.

19. Defendants handcuffed Ms. Day, put her in a police van and took her to the 25th Precinct.

20. At the precinct the officers falsely informed employees of the New York County District Attorney's Office that plaintiff had committed various and prepared false paperwork to this effect, including an arrest report.

21. Defendants had not observed Ms. Day commit any crime before her arrest.

22. Ms. Day was eventually taken to Manhattan Central Booking where she was arraigned and then released on her own recognizance after approximately 24 hours in custody.

23. After making approximately six criminal court appearances, all charges against Ms. Day were dismissed eight months later.

24. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, loss of employment, unlawful strip search and suffered damage to her reputation.

## FIRST CLAIM
### Unlawful Stop and Search

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

27. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of her constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

33. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of her constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

34. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. The individual defendants created false evidence against plaintiff.

37. The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

38. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Deliberate Indifference to Safety

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The individual defendants were aware of a risk to plaintiff's safety and medical needs and failed to act in deliberate indifference to plaintiff's needs.

42. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

46. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

47. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
*Monell*

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. This is not an isolated incident.

50. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

51. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

52. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

53. The City, at all relevant times, was, upon information and belief, aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

54. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

55. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   August 21, 2013
         New York, New York

                                    HARVIS WRIGHT
                                    SALEEM & FETT LLP

                                    _____
                                    Baree N. Fett
                                    305 Broadway, 14th Floor
                                    New York, New York 10007
                                    (212) 323-6880
                                    bfett@hwsflegal.com

                                    *Attorney for plaintiff*